**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 11-1122** (Boone County 08-F-78)

**Aaron Casey Ellis,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Ellis filed this appeal, by counsel K. Brian Adkins, from the Circuit Court of Boone County's July 1, 2011, order sentencing petitioner upon his conviction for first degree sexual abuse. The State of West Virginia, by its counsel Laura Young, has filed a response in support of affirming petitioner's conviction and sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2009, petitioner was tried by a bench trial on charges of sexual abuse in the first degree, domestic battery, and domestic assault. At the close of the State's evidence, petitioner moved for judgment of acquittal. The circuit court granted petitioner's motion with respect to the domestic battery and domestic assault charges, but denied his motion with respect to the first degree sexual abuse charge. At the close of petitioner's evidence, the circuit court found petitioner guilty of first degree sexual abuse. At sentencing, the circuit court ordered petitioner to serve one to five years in prison, but suspended this sentence to place petitioner on probation for one day plus fifty years of extended release and sex offender supervision. Petitioner appeals his conviction and sentence, arguing three assignments of error.

On appeal, petitioner first argues that the circuit court erred in denying his motion for judgment of acquittal following the State's case-in-chief. He asserts that the record was devoid of any evidence that could lead a rational trier of fact to find that the State met its burden of proving the essential elements to warrant a conviction of first degree sexual abuse. Petitioner argues that the State did not prove "sexual contact," as defined in West Virginia Code § 61-8B-1(6), to satisfy proving first degree sexual abuse under West Virginia Code § 61-8B-7(a). The State responds and argues that the circuit court properly denied petitioner's motion for acquittal on this charge because it presented evidence that petitioner's touching of the victim was not accidental or innocent, but out of sexual gratification, and that there was enough evidence to

1

proceed with the trial of the case. Pursuant to Rule 29(a) of the West Virginia Rules of Criminal Procedure, the circuit court shall order judgment of acquittal if the evidence is insufficient to sustain a conviction of one or more offenses charged in the indictment or information. Upon our review of the record, we find no error by the circuit court in denying petitioner's motion for acquittal with regard to the sexual abuse charge after the State presented its evidence.

Petitioner next argues that the circuit court erred in finding petitioner guilty of sexual abuse in the first degree as there was insufficient evidence to support this conviction. In response, the State contends that a review of the evidence presented at trial allowed the trier of fact, i.e., the circuit court judge, to conclude that petitioner's contact with the victim was sexual abuse. In reviewing criminal convictions on appeal, we have held as follows:

> "'The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 1, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 8, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012).

> "'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. [] Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012). Upon our review of the record, this Court finds that the evidence was sufficient to support petitioner's first degree sexual abuse conviction. We find no error by the circuit court in this regard.

Petitioner lastly argues that the introduction of evidence of prior bad acts without the required notice of the State's intent to use this evidence constitutes error. He argues that the State improperly presented evidence of a prior arrest he had for sexual assault in another county. Petitioner asserts that because he did not know of the State's intent to disclose this evidence, he was deprived of a fair trial. In response, the State argues that the record reveals that the circuit

court was aware that petitioner's prior arrest was inadmissible as it promptly admonished the prosecutor when the arrest was presented. Moreover, in finding petitioner guilty of first degree sexual abuse, the circuit court did not rely on any reference made to petitioner's previous arrest on sexual offense charges. Upon our review, we confirm that the circuit court did not base its verdict on the evidence of petitioner's prior sexual offense arrest. Our review reveals no abuse of discretion by the circuit court.

We also bear in mind the following:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *State v. Mechling*, 219 W.Va. 366, 633 S.E.2d 311 (2006). Our review of the petitioner's assignments of error and the record on appeal support the circuit court's verdict finding petitioner guilty of first degree sexual abuse.

For the foregoing reasons, petitioner's first degree sexual abuse conviction is hereby affirmed.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II